IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JASON FIELDER,

        Plaintiff,

v.                                        Civil Action No. 1:16CV23
                                                        (STAMP)
R.V. COLEMAN TRUCKING, INC.,
ARKOS FIELD SERVICES, LP,
EQT CORPORATION,
EQUITRANS, LP d/b/a EQT MIDSTREAM,
and EQT PRODUCTION COMPANY,

        Defendants,

and

R.V. COLEMAN TRUCKING, INC.,

        Third-Party Plaintiff,

v.

MEC CONSTRUCTION, LLC,

        Third-Party Defendant.


MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS EQT CORPORATION, EQT PRODUCTION COMPANY
AND EQUITRANS LP'S MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANT R.V. COLEMAN TRUCKING, INC.'S
MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANT ARKOS FIELD SERVICES, LP'S
MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANT R.V. COLEMAN TRUCKING INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT,
DENYING PLAINTIFF JASON FIELDER'S MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANT MEC CONSTRUCTION LLC'S
MOTION FOR SUMMARY JUDGMENT AS TO DELIBERATE INTENTION AND
DENYING RULING AS TO INDEMNITY OR CONTRIBUTION AS PREMATURE[1]

---

[1]This Court issued a letter (ECF No. 178) to counsel of record
prior to the pretrial conference in this civil action to set forth
tentative rulings on the pending motions discussed in this opinion.
While the Court's letter indicates that this Court would defer its
ruling on defendant R.V. Coleman's motion for partial summary
judgement (ECF No. 115) and also defer a ruling as to indemnity or

This civil action is a personal injury case that arises out of a workplace accident.  Plaintiff Jason Fielder ("Fielder") originally filed suit in the Circuit Court of Monongalia County, West Virginia and this civil action was then removed to the United States District Court for the Northern District of West Virginia. ECF No. 1.  This civil action was then transferred pursuant to 28 U.S.C. § 455(b)(4), from United States District Judge Irene M. Keeley, to the undersigned judge.  ECF No. 34.

Plaintiff, Jason Fielder, was employed as a laborer for MEC Construction, LLC ("MEC").  He was working for MEC on the construction of a compressor station near Blacksville, West Virginia, which has been referred to as the Blacksville Compressor Station Phase 2 site.  Defendants EQT Production Company, EQT Corporation, and Equitrans, LP, are hereinafter, referred to as the "EQT defendants."  MEC was hired by Equitrans as the prime/general contractor to construct the compressor station at the Blacksville Phase 2 site.

EQT ordered a number of large steel pipes for the Blacksville Phase 2 compressor station from Arkos Field Services, LP ("Arkos"). On October 7, 2015, a number of pipes that were ordered by EQT were loaded onto a trailer at the Smithfield, Pennsylvania facility by an Arkos employee, Doug Lough.  On October 16, 2014, the load of

_____

contribution as premature (ECF No. 117), this Court now finds that denying these motions is more appropriate.

pipes was picked up by Cale Sukala, a driver for R.V. Coleman Trucking, Inc. ("R.V. Coleman"), at the Arkos facility. R.V. Coleman transported the load from the Arkos - Smithfield, PA facility to the Blacksville site.

Upon arriving at the Blacksville Phase 2 site, the pipes were to be unloaded from the trailer. During the removal of the pipes, two large pipes rolled from the trailer and struck the plaintiff Jason Fielder. He was trapped beneath one of the pipes, and eventually taken to the hospital because of his injuries. The parties dispute whether the pipes were chocked and/or properly secured at the Arkos facility, during transport by R.V. Coleman, and when they arrived at the Blacksville Phase 2 site. The parties further dispute the manner in which the pipes were unloaded.

The motions have been fully briefed and the parties' pending motions for summary judgment are ripe for decision.

## II.  Applicable Law

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against the plaintiff. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex</u>, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).

### III. <u>Discussion</u>

Now before the Court are six pending motions for summary judgment which have been fully briefed: (1) motion for summary judgment by EQT Corporation, EQT Production Company, Equitrans, LP (ECF No. 112); (2) motion for summary judgment by R.V. Coleman Trucking, Inc. (ECF No. 113); (3) motion for summary judgment by Arkos Field Services, LP (ECF No. 114); (4) motion for partial

summary judgment with respect to the third-party complaint against MEC Construction, LLC by R.V. Coleman Trucking, Inc. (ECF No. 115); (5) motion for summary judgment against defendant R.V. Coleman Trucking, Inc. by plaintiff Jason Fielder (ECF No. 116); (6) motion for summary judgment by MEC Construction, LLC (ECF No. 117).

Following its review of the fully briefed motions, and the memoranda and exhibits submitted by the parties, this Court finds that, for the reasons set forth below, summary judgment in favor of the EQT defendants is appropriate, there is no genuine dispute as to any material fact, and these defendants are entitled to judgment as a matter of law. The other pending motions for summary judgment are denied.

Accordingly, the motion for summary judgment by EQT Corporation, EQT Production Company, and Equitrans, LP (ECF No. 112) is granted; the motion for summary judgment by R.V. Coleman Trucking, Inc. (ECF No. 113) is denied; the motion for summary judgment by Arkos Field Services, LP (ECF No. 114) is denied; the motion for partial summary judgment with respect to the third-party complaint against MEC Construction, LLC by R.V. Coleman Trucking, Inc. (ECF No. 115) is denied; the motion for summary judgment against defendant R.V. Coleman Trucking, Inc. by Jason Fielder (ECF No. 116) is denied; the motion for summary judgment by MEC Construction, LLC (ECF No. 117) is denied as to "deliberate intention." A ruling as to indemnity or contribution is denied as premature.

The motions for summary judgment are discussed, in turn, below.

1.    Motion for Summary Judgment by EQT Corporation, EQT Production Company, Equitrans, LP

Defendant EQT Corporation, Equitrans, LP, d/b/a EQT Midstream, and EQT Production Company ("EQT"), filed a motion for summary judgment (ECF No. 112) pursuant to Rule 56 of the Federal Rules of Civil Procedure, and moves this Court for judgment as a matter of law as to (1) all claims asserted against EQT and (2) the duty of Arkos Field Services, LP, R.V. Coleman Trucking, Inc., and MEC Construction, LLC to defend and indemnify EQT with respect to plaintiff's claims.   ECF No. 112 at 2.   EQT asserts in its memorandum in support, "[i]mportantly, EQT entered into Master Service Agreements ("MSA") with [R.V. Coleman], MEC, and Arkos. The MSA's provide that R.V. Coleman, MEC, and Arkos will defend and indemnify EQT from Plaintiff's claims in this case."  ECF No. 112-1 at 5.   EQT also states that additionally, the MSAs provide that Arkos, MEC, and R.V. Coleman are "responsible for the prevention of accidents and injury in the vicinity of or connected with [their] work."   ECF No. 112-1 at 8.   Lastly, EQT asserts that the MSA provides a choice of law provision "wherein the parties agree that the MSA's shall be construed, interpreted, and enforced in accordance with the laws of the Commonwealth of Pennsylvania."  ECF No. 112-1 at 9.   EQT argues that:

Numerous depositions have been taken in this case, including deposition of Mr. Fielder, and employees of Arkos, MEC, and [R.V. Coleman].   No witness testified

6

that EQT supervised or directed the work of Arkos, [R.V. Coleman], or MEC employees with respect to loading, transporting, or unloading the shipment of pipes at issue. Additionally, each party submitted expert reports with respect to liability. No expert opines that EQT was negligent, or that any act or omission of EQT caused or contributed to Plaintiff's injuries.

ECF No. 112-1 at 11.

Ultimately, EQT argues that summary judgment is proper because (1) it did not have a duty to ensure that the pipes were properly loaded, unloaded, and/or secured by Arkos, R.V. Coleman, or MEC, (2) it provided a reasonably safe workplace and exercised no control over the equipment provided by MEC for use by its employees to unload the R.V. Coleman trailer and, therefore, did not owe any further duty to Mr. Fielder and (3) R.V. Coleman, MEC, and Arkos owe EQT a duty to defend and indemnify it from plaintiff's claims.

Defendant R.V. Coleman Trucking, Inc. ("R.V. Coleman"), in its capacity as a defendant filed a response to EQT's motion for summary judgment and asserts that "R.V. Coleman has accepted EQT's tender of defense and has been paying for EQT's defense costs." ECF No. 127 at 2. However, R.V. Coleman adds that any finding by the Court as to the parties' duties and obligations to defend and indemnify EQT is premature, asserting that as no findings of fault have yet been made by either the Court or the jury, which would effect such obligations. ECF No. 127 at 2-3. R.V. Coleman also adds that "[u]pon information and belief, MEC has also accepted EQT's tender and is paying for EQT's defense. Arkos has rejected EQT's tender." ECF No. 127 at 2 n.1.

7

Defendant Arkos filed a response in opposition (ECF No. 128) stating that EQT's motion, as it pertains to Arkos, is a motion for indemnification. Arkos asserts that EQT's argument is based on its own interpretation of the Master Service Agreement ("MSA"). Arkos asserts, however, that the indemnification clause within the MSA requires Arkos to indemnify EQT for negligence on the part of Arkos, not EQT's own negligence. Arkos maintains that because there can be no finding that Arkos was negligent in any way, Arkos is not contractually obligated to indemnify EQT for its negligence or the negligence of any other party.

Third-party and cross-defendant, MEC Construction, LLC ("MEC"), also filed a response in opposition to EQT's motion for summary judgment (ECF No. 133). MEC's response asserts that until such time as there is a determination of liability on the part of the EQT defendants and MEC, the existence of MEC's indemnity obligation cannot be determined. Further, MEC asserts that an examination of applicable Pennsylvania law demonstrates that the EQT defendants are not entitled to indemnity from MEC under the circumstances present in this case, and that the Project/Site Specific Safety Plan is not a contract document and does not define the contractual obligations of MEC. MEC states that its insurance carrier, Zurich American Insurance Company, accepted the EQT defendants' request for coverage as an additional insured, and has provided a defense to them in this case. ECF No. 133 at 7. Thus, MEC asserts that because MEC's general liability carrier is

providing a defense to the EQT defendants, they have not incurred any liability and therefore have no damages for which to seek indemnity. ECF No. 133 at 7.

Plaintiff Jason Fielder filed a response in opposition to EQT's motion (ECF No. 134), arguing that the general contractor, the entity that hired all of the independent contractors on the construction site, was defendant EQT. ECF No. 134 at 2. Fielder asserts that EQT retained sufficient control over the premises so that the subcontractors that were hired by EQT could gain access to the workplace and conduct work thereupon and deliver the materials that were necessary for the completion of EQT's Blacksville Compressor Station Phase 2 construction. Therefore, plaintiff contends, genuine issues of material fact exist as to whether defendant EQT (1) provided a reasonably safe workplace and (2) can establish that it exercised no control over the workplace thereafter.

In its reply to plaintiff's memorandum in opposition to its motion for summary judgment (ECF No. 138), EQT asserts that the plaintiff has not offered any evidence that EQT breached any duty owed to the plaintiff, or that any act or omission of EQT was the proximate cause of the plaintiff's injuries. EQT also asserts that the plaintiff has not offered any evidence that EQT exercised control over the premises. Thus, EQT contends that summary judgment is proper.

In its reply to defendants' responses to its motion for summary judgment (ECF No. 139), EQT asserts that R.V. Coleman, MEC, and Arkos owe EQT a duty to defend and indemnify it from the plaintiff's claims. EQT again asserts that the Master Service Agreements require the contractor defendants to defend and indemnify EQT and that the contractor defendants named EQT as an additional insured on their commercial general liability policies. For these reasons, EQT contends summary judgment is proper.

This Court finds no genuine issue of material fact concerning the EQT defendants' motion for summary judgment and the EQT defendants are entitled to judgment as a matter of law. Under West Virginia law, a property owner only has a duty to turn over a reasonably safe workplace to an independent contractor and the property owner generally cannot be held liable for any hazards thereafter created by the independent contractor. <u>France v. S. Equip. Co.</u>, 225 W. Va. 1, 10, 689 S.E.2d 1, 10 (2010). Once an independent contractor assumes control of the premises, the property owner is relieved of liability for conditions created by the independent contractor. <u>France v. S. Equip. Co.</u>, 225 W. Va. 1, 11, 689 S.E.2d 1, 11 (2010). When the owner of a place of employment provides a reasonably safe workplace and exercises no control thereafter, the owner has complied with responsibilities of the statute imposing an obligation to provide a safe workplace. <u>Henderson v. Meredith Lumber Co.</u>, 190 W. Va. 292, 438 S.E.2d 324 (1993). The employer's duty is directly related to employment

activity — activity controlled by the employer — and the owner's duty is limited to providing a reasonably safe workplace, unless the owner continues to exercise control of the place of employment. Id. at 294. Here, the evidence fails to show that EQT exercised control over the workplace premises beyond being the owner of the land, and ordering the pipes for the Blacksville Phase 2 compressor station. In the instant case, the evidence shows that EQT turned over a reasonably safe workplace to MEC and its employees, and thereafter exercised no control of the manner in which the trailer was unloaded. This Court notes EQT's assertion that the MSA is to be "construed, interpreted, and enforced in accordance with the laws of the Commonwealth of Pennsylvania." However, even if Pennsylvania law applied, the result would not change. Similar to West Virginia law, "[t]he primary question in many premises cases . . . is whether the property owner hirer of the independent contractor retained sufficient control of the work to be legally responsible for the harm to the plaintiff." Beil v. Telesis Const., Inc., 608 Pa. 273, 290, 11 A.3d 456, 466 (2011). Under Pennsylvania law, for an employer/landowner to retain sufficient control, "the right of control must go beyond a general right to order, inspect, make suggestions, or prescribe alterations or deviations", and there must be "such a retention of the right of supervision that it renders the contractor not entirely free to do the work in his own way." Id. The premises owner must have control over the manner, method, and operative details of the work.

Id. at 291. Here, the evidence supports a finding of summary judgment in favor of the EQT defendants as they did not have a duty to ensure that the pipes were properly loaded, unloaded, and/or secured and exercised no control over the equipment provided by MEC for use by its employees to unload the R.V. Coleman trailer. Accordingly, this court grants summary judgment in favor of the EQT defendants.

2.   Motion for Summary Judgment by R.V. Coleman Trucking, Inc.

R.V. Coleman, in its capacity as a defendant and third-party plaintiff, filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against plaintiff Jason Fielder.  R.V. Coleman argues that plaintiff's negligence claim against R.V. Coleman fails as a matter of law as the undisputed material facts demonstrate that R.V. Coleman owed no duty to the plaintiff with respect to the accident at issue.  R.V. Coleman asserts that it is entitled to summary judgment as (1) the Federal Motor Carrier Safety Regulations ("FMCSRs") do not apply to the unloading of cargo which is not in the course of transportation and, therefore, do not impose a duty on R.V. Coleman in this case and (2) no common law duty exists.  ECF No. 113 at 2.

Plaintiff Jason Fielder filed a response in opposition to R.V. Coleman's motion for summary judgment (ECF No. 130), and argues that the Federal Motor Carrier Safety Statute imposed a duty upon R.V. Coleman and its driver, Cale Sukala ("Sukala"), to properly secure cargo that is likely to roll, such as the round pipes, with

chocks, wedges, or a cradle to prevent them from rolling off the
trailer. Plaintiff notes that Sukala testified that, had he loaded
the trailer, he would have put the pipes on cribbing and nailed
chocks or wedges to the cribbing to prevent the pipes from rolling
once the straps were removed. However, plaintiff asserts, because
the relevant pipes were preloaded onto an aluminum trailer, Sukala
chose not to load the pipes properly, and when he arrived at the
Compressor Station in Blacksville, there was nothing to prevent the
large, round pipes from rolling off the trailer once the straps
were removed. Plaintiff asserts, nonetheless, Sukala proceeded to
remove the last strap holding the pipes onto the trailer, causing
them to instantly roll off and crush Mr. Fielder. Plaintiff argues
that because of these actions, R.V. Coleman violated the cargo
securement requirements of the FMCSRs, which are applicable to the
round pipes at issue in this case, and that the statute imposed a
duty upon R.V. Coleman and its driver to properly secure the pipes
which were likely to roll to prevent them from rolling off of the
trailer. Plaintiff requests that this Court deny defendant R.V.
Coleman's motion for summary judgment and find as a matter of law
that defendant R.V. Coleman owed the plaintiff a duty of care and
that R.V. Coleman's violation of the relevant provisions of the
FMCSRs constitutes prima facie negligence. ECF No. 130 at 22.

R.V. Coleman filed a reply (ECF No. 137) in its capacity as a
defendant asserting that plaintiff's argument to the contrary
notwithstanding, R.V. Coleman did not owe a common law duty to

plaintiff as the accident at issue occurred during the unloading process and the cargo was not in transit at the time of the accident, and that the FMCSRs are not applicable to an accident which occurs during the unloading of cargo which is not in the course of transportation. R.V. Coleman asserts, in the alternative, that even if the regulations are applicable, it did not violate the regulations.

This Court finds a genuine issue of material fact exists, and that the evidence presented is sufficient to create a triable issue of fact at trial concerning plaintiff's negligence claim against R.V. Coleman. Accordingly, R.V. Coleman's motion for summary judgment is denied.

3. <u>Motion for Summary Judgment by Arkos Field Services, LP</u>

Defendant Arkos filed its motion for summary judgment (ECF No. 114) asserting that Arkos did not owe a duty to the plaintiff under the circumstances of this case. Arkos argues in support of this proposition that it is not responsible for load securement per the explicit requirements of the FMCSRs, stating that cargo securement falls solely upon the commercial motor carrier and its driver. ECF No. 114-1 at 6. Arkos asserts that it was simply the shipper and not the motor carrier. Arkos states that although it was Douglas Lough, an employee of Arkos, who preloaded the cargo onto the trailer, it was the ultimate responsibility of R.V. Coleman and Sukala as the driver to ensure the cargo was properly secured and in compliance with the FMCSRs. ECF No. 114-1 at 8. Alternatively,

Arkos argues that plaintiff cannot pursue its claim against Arkos as there were intervening causes that resulted in the plaintiff's injuries. ECF No. 114-1 at 10. Arkos cites R.V. Coleman's decision to breach the FMCSRs by failing to adequately secure the load prior to transit and multiple decisions that went into unloading the pipes as intervening causes. ECF No. 114-1 at 11. Arkos requests, for these reasons, that the Court enter an order dismissing all claims asserted against it.

R.V. Coleman, in its capacity as a defendant, filed a response in opposition to Arkos's motion for summary judgment (ECF No. 123). R.V. Coleman argues that the Court should deny Arkos's motion as Arkos owed a common law duty of reasonable care under the circumstances and asserts that Arkos's own expert has testified that a reasonable shipper in the same or similar circumstance as Arkos would have taken steps to attempt to rectify the lack of cribbage, dunnage, etc., after the issue was brought to Arkos's attention prior to the accident at issue. ECF No. 123 at 8. R.V. Coleman additionally cites to the expert testimony of other parties which supports the same position. ECF No. 123 at 8. Further, R.V. Coleman argues that Arkos loaded the pipes at issue pursuant to the Master Services Agreement between Arkos and EQT, and the Master Services Agreement imposed a duty upon Arkos to act with reasonable care under the circumstances. ECF No. 123 at 9. R.V. Coleman also

argues that the <u>Savage</u>[2] rule, which places the primary duty as to the safe loading of property upon the carrier, is inapplicable in this case because the rule arises from the FMCSRs, and the FMCSRs are not applicable to the accident because it did not occur during the course of transportation. ECF No. 123 at 11-12. R.V. Coleman, to the contrary, likens this case to <u>Spence</u>,[3] asserting that Arkos significantly involved itself in the securing of the load. ECF No. 123 at 15. Lastly, R.V. Coleman asserts, in the alternative, that if the Court finds that the FMCSRs are applicable to the accident at issue, the Court should deny Arkos's motion as the FMCSRs imposed a duty of care on Arkos and that intervening causation is a question of fact to be resolved by the jury. ECF No. 123 at 17.

Plaintiff Jason Fielder also filed a response in opposition to Arkos's motion for summary judgment (ECF No. 131). Plaintiff asserts that while the Federal Motor Carrier Safety Regulations ("FMCSRs") impose a clear duty on the carrier to secure the load safely they do not relieve others, such as a shipper who breaches a common law duty of care, from liability for their negligence and their comparative share of the resulting damages. Plaintiff argues that to the extent that Arkos suggests that <u>Savage</u> states otherwise, it is mistaken in that the <u>Savage</u> rule simply extends the industry's reasonable understanding to suits between shippers

---

[2]<u>United States v. Savage Truck Line, Inc.</u>, 209 F.2d 442 (4th Cir. 1953)

[3]<u>Spence v. ESAB Grp., Inc.</u>, 623 F.3d 212 (3d Cir. 2010)

and carriers; it does not prevent an injured third-party from pursuing a negligence claim against the shipper. Plaintiff asserts that although Arkos may be able to rely upon <u>Savage</u> to assert a claim for contribution or indemnity against defendant R.V. Coleman, it may not do so to avoid liability to the plaintiff for Arkos's negligence and comparative share in the plaintiff's damages. Plaintiff maintains that Arkos negligently loaded the pipes and that R.V. Coleman failed to properly secure the pipes. Plaintiff seeks to refute Arkos's arguments by stating that the <u>Savage</u> rule does not apply to the plaintiff's claim for damages against Arkos, and that while the federal safety regulations imposed a clear duty on R.V. Coleman to properly secure the pipes and restrain them from rolling once unstrapped, that does not relieve Arkos, as the shipper, from its common law liability for contributing to the unsafe load. Plaintiff asserts the negligence of defendant R.V. Coleman and actions of defendant MEC were foreseeable and do not constitute intervening, superseding causes. ECF No. 131 at 11. Plaintiff requests this Court deny Arkos's motion and find that defendant Arkos owed the plaintiff a common law duty of reasonable care.

Arkos filed a reply in support of its motion (ECF No. 135), stating that Arkos cannot be found negligent as it breached no duty owed to the plaintiff in the manner in which it loaded the cargo onto the flatbed trailer, and that the Federal Motor Carrier Safety Regulations do not apply to Arkos in the circumstances in the

matter at hand.  Further, Arkos asserts it cannot be found liable under the <u>Savage</u> rule as there were no hidden defects in the manner in which it secured the cargo.  Arkos argues that it was the responsibility of R.V. Coleman, through its driver Cale Sukala, to ensure the security of the load.  Defendant, Arkos Field Services, LP, requests that this Court grant its motion for summary judgment as to all of the plaintiff's claims, and for such further relief as this Court deems just and proper.

This Court finds a genuine issue of material fact exists, and that the evidence presented is sufficient to create a triable issue of fact at trial concerning plaintiff's negligence claim against Arkos.  Accordingly, Arkos's motion for summary judgment is denied.

4.  <u>Motion for Partial Summary Judgment with Respect to Third-Party Complaint Against MEC Construction, LLC by R.V. Coleman Trucking, Inc.</u>

R.V. Coleman, in its capacity as a third-party plaintiff, filed a motion for partial summary judgment with respect to third-party complaint against MEC Construction, LLC.  ECF No. 115.  R.V. Coleman asserts that it is entitled to partial summary judgment as a matter of law with respect to its third-party complaint against MEC as the undisputed material facts demonstrate that a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death and that MEC had actual knowledge of the existence of said specific unsafe working condition under West Virginia Code § 23-4-2(d)(2)(ii)(A) and (B).  ECF No. 115 at 2.  R.V. Coleman

requests the Court enter partial summary judgment in its favor with respect to its third-party complaint against MEC for "deliberate intent."[4]

Third-party and cross-defendant MEC Construction, LLC filed a response in opposition to R.V. Coleman's motion for partial summary judgment (ECF No. 129). MEC asserts that R.V. Coleman has failed to satisfy the requisite standards under deliberate intention, requiring a denial of its motion for partial summary judgment, and R.V. Coleman's failure to present sufficient evidence of all the requirements of a deliberate intention claim entitles MEC to judgment as a matter of law in its favor. ECF No. 129 at 2. MEC asserts that R.V. Coleman only argues in its motion that subsections A and B are satisfied, and responds by asserting that it is clear from the plain language of that statute that all five criteria must be satisfied in order to maintain a claim for deliberate intention. ECF No. 129 at 3. MEC then addresses the two factors which R.V. Coleman asserts are satisfied, and argues that to the extent there was an unsafe condition, it was created by the unforeseeable actions of the R.V. Coleman truck driver, and that there is no evidence that MEC had actual knowledge of the alleged unsafe working condition. Because R.V. Coleman did not

---

[4]See Sydenstricker v. Unipunch Prod., Inc., 169 W. Va. 440, 452, 288 S.E.2d 511, 518–19 (1982) (holding that the deliberate intention exception contained in W. Va. Code § 23-4-2 permits a defendant to bring a third-party action in contribution against the employer of the injured plaintiff.)

even allege the remaining three requirements, MEC asserts that R.V. Coleman's motion must be denied.

R.V. Coleman filed a reply (ECF No. 136) in its capacity as a third-party plaintiff, and asserts that the Court can grant its motion, despite MEC's argument, because it is a motion for partial summary judgment. R.V. Coleman submits that if the Court grants summary judgment on these two factors, the other factors will be submitted to the jury to find deliberate intention.

Following its review of the fully briefed motion, this Court denies R.V. Coleman's motion for partial summary judgment with respect to the third-party complaint against MEC.

5.  Motion for Summary Judgment Against Defendant R.V. Coleman Trucking, Inc. by Jason Fielder

Plaintiff, pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed a motion for partial judgment as a matter of law against defendant R.V. Coleman Trucking, Inc. (ECF No. 116), asserting there is no genuine issue of material fact as to whether defendant R.V. Coleman Trucking, Inc. was negligent and that such negligence was a proximate cause of the plaintiff's injuries. ECF No. 116 at 1. Plaintiff argues that defendant R.V. Coleman Trucking, Inc. was negligent and violated load securement rules of the Federal Motor Carrier Safety Regulations, and asserts defendant R.V. Coleman and its retained expert both admit that R.V. Coleman is required to comply with the FMCSRs, and specifically Parts 392.9 and 393.106(c)(1). R.V. Coleman Trucking, Inc.'s retained expert Stanley Pulz outright admitted that R.V. Coleman violated Parts

393.106 and 392.9 by using wooden blocks that were not secured to the trailer. ECF No. 116-1 at 7. Plaintiff states, that there is additional evidence and testimony in support of each and every fact set forth herein. However, based exclusively on testimony and evidence put forth by defendant R.V. Coleman, there is no genuine issue of material fact as to whether defendant R.V. Coleman and its employee-driver violated the FMCSRs and that such violation was a proximate cause of Fielder's severe injuries. Therefore, the plaintiff is entitled to judgment as a matter of law and a pretrial adjudication that defendant R.V. Coleman violated Parts 392.9 and 393.106(c)(1) of the FMCSRs, that defendant R.V. Coleman was negligent, and that such negligence was a proximate cause of the plaintiff's injuries. ECF No. 116-1 at 8.

R.V. Coleman, in its capacity as a defendant, filed a response in opposition (ECF No. 125), and asserts five reasons the Court should not grant the plaintiff's motion: (1) the FMCSRs are not applicable to the accident at issue; (2) even if the FMCSRs were applicable, R.V. Coleman did not violate the FMCSRs; (3) plaintiff has failed to establish that the proximate cause of the accident was the actions of R.V. Coleman as opposed to Arkos's failure to initially properly load the pipes on to the trailer and MEC's failure to safely unload the pipe at issue; (4) R.V. Coleman breached no duty of care owed to the plaintiff; and (5) genuine issues of material fact preclude the entry of summary judgment in plaintiff's favor.

Plaintiff filed a reply to R.V. Coleman's response (ECF No. 140) and reiterates many of the arguments asserted in the motion for partial summary judgment. Plaintiff states that defendant R.V. Coleman Trucking, Inc.'s retained expert, Stanley Pulz, has admitted that R.V. Coleman violated the Federal Motor Carrier Safety Regulations ("FMCSRs"). Defendant R.V. Coleman does not deny its expert's admissions; however, it argues that its violations of the FMCSRs should be either excused or ignored. While R.V. Coleman admits that the cargo securement provisions of the FMCSRs apply to the securement of the round pipes at issue, it argues they do not apply when the cargo rolled off of the trailer – the exact harm the regulations seek to prevent. Finally, R.V. Coleman ignores its expert's admissions to the contrary and argues that it did not violate the cargo securement provisions of the FMCSRs. Plaintiff asserts, based upon R.V. Coleman's own expert's admissions, there is no genuine issue of material fact as to whether defendant R.V. Coleman violated these cargo securement provisions of the FMCSRs. ECF No. 140 at 2.

This Court finds a genuine issue of material fact exists, and that the evidence presented is sufficient to create a triable issue of fact at trial concerning plaintiff's negligence claim against R.V. Coleman. Accordingly, plaintiff's motion for summary judgment is denied.

6. <u>Motion for Summary Judgment by MEC Construction, LLC.</u>

Third-party and cross-defendant MEC filed a motion for summary judgment in its favor on all claims against it (ECF No. 117). MEC states that its insurer has previously accepted the tender from the EQT defendants and is providing indemnity to the EQT defendants. Further, MEC argues that neither the plaintiff nor the defendants asserting contribution claims against MEC can satisfy all of the requirements to establish a claim for deliberate intention, and therefore MEC is entitled to judgment as a matter of law. MEC asserts the applicable workers' compensation statute specifically authorizes an award of summary judgment under the circumstances. ECF No. 117. In its memorandum in support (ECF No. 119), MEC asserts: MEC did not have actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition; the alleged specific unsafe working condition was not a violation of a state or federal safety statute, rule or regulation, or of a commonly accepted and well-known safety standard within the industry or business of MEC; MEC did not intentionally expose the plaintiff to the alleged specific unsafe working condition; and MEC does not have any obligation to provide implied indemnity to R.V. Coleman as R.V. Coleman cannot prove that any special relationship existed between it and MEC.

Defendant and third-party plaintiff R.V. Coleman filed a response in opposition to MEC's motion for summary judgment (ECF No. 126) and argues that the Court should deny MEC's motion as sufficient evidence has been developed to permit the jury to determine whether MEC violated the five-factor "deliberate intent" test under the West Virginia Code. R.V. Coleman also asserts that any determination regarding MEC's obligation to provide implied indemnity to R.V. Coleman is premature as there has been no finding regarding the relative liabilities of the defendants herein. ECF No. 126 at 23.

Plaintiff Jason Fielder also filed a response in opposition (ECF No. 132) to MEC's motion, and argues that MEC's motion for summary judgment must be denied as there are genuine issues of material fact as to whether defendant MEC acted with "deliberate intent" as that term is defined in West Virginia Code § 23-4-2(d)(2)(ii)(A)-(E).

MEC filed its reply (ECF No. 141) and asserts that the arguments of R.V. Coleman and the plaintiff do not satisfy the five step test for "deliberate intent," arguing that the specific unsafe condition did not exist until the R.V. Coleman truck driver released the straps securing the straight pipes to the trailer, MEC did not have actual knowledge of an unsafe condition in relation to the subject load of pipes, MEC did not violate a state or federal safety statute, rule or regulation, or of a commonly accepted and well-known safety standard within the industry or business of MEC,

and that the plaintiff and R.V. Coleman fail to present any evidence that MEC intentionally exposed the plaintiff to the alleged specific unsafe working condition. Third-party and cross-defendant MEC requests that this Court grant its motion for summary judgment on the plaintiff's cross-claim; the third-party claims of R.V. Coleman; and the cross-claims for contribution filed by the EQT defendants and enter judgment as a matter of law in its favor, and award to it such other relief as the Court may find appropriate under the circumstances. ECF No. 141 at 13.

This Court finds that there is a genuine issue of material fact as to deliberate intention. The evidence presented is sufficient to create a triable issue of fact at trial concerning whether the deliberate intention standard can be met. Accordingly, MEC's motion for summary judgment is denied. Further, a ruling as to indemnity or contribution is denied as premature.

## V. Conclusion

For the reasons stated above, this Court finds that summary judgment in favor of the EQT defendants is appropriate. This Court finds that there is no genuine dispute as to any material fact and that the EQT defendants are entitled to judgment as a matter of law. This Court also finds that defendant R.V. Coleman's motion for summary judgment and defendant Arkos's motion for summary judgment shall be denied. R.V. Coleman's motion for partial summary judgment is denied. Additionally, plaintiff's motion for summary judgment shall be denied. MEC's motion for summary

judgment as to "deliberate intention" is denied and a ruling as to indemnity or contribution is denied as premature.

Accordingly, defendants' motion for summary judgment by EQT Corporation, EQT Production Company, Equitrans, LP (ECF No. 112) is GRANTED. The motion for summary judgment by R.V. Coleman Trucking, Inc. (ECF No. 113) is DENIED. The motion for summary judgment by Arkos Field Services, LP (ECF No. 114) is DENIED. The motion for partial summary judgment with respect to third-party complaint against MEC Construction, LLC by R.V. Coleman Trucking, Inc. (ECF No. 115) is DENIED. The motion for summary judgment against defendant R.V. Coleman Trucking, Inc. by Jason Fielder (ECF No. 116) is DENIED. The motion for summary judgment by MEC Construction, LLC (ECF No. 117) is DENIED as to "deliberate intention." A ruling as to indemnity or contribution is DENIED AS PREMATURE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter as to defendants EQT Corporation, EQT Production Company, and Equitrans, LP.

DATED:    January 11, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE