IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON FIELDER,

       Plaintiff,

v.                                     Civil Action No. 1:16CV23
                                                   (STAMP)

R.V. COLEMAN TRUCKING, INC.,
ARKOS FIELD SERVICES, LP,
EQT CORPORATION,
EQUITRANS, LP d/b/a EQT MIDSTREAM
and EQT PRODUCTION COMPANY,

       Defendants,

and

R.V. COLEMAN TRUCKING, INC.,

       Third-Party Plaintiff,

v.

MEC CONSTRUCTION, LLC,

       Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**
**REGARDING MOTIONS IN LIMINE OF PLAINTIFF AND DEFENDANTS**

Pending before this Court are motions in limine filed by the plaintiff and the defendants. The trial of this civil action[1] is now scheduled to commence on March 20, 2018.[2] Now before the Court

---

[1]For a more thorough background of this civil action, see ECF No. 207.

[2]This Court entered an order granting defendant and third-party plaintiff, R.V. Coleman Trucking, Inc.'s emergency motion to continue trial (ECF No. 209) in the above civil action based upon the illness of the father of lead counsel for R.V. Coleman. ECF No. 210.

are ten pending motions in limine which have been fully briefed: (1) Motion in Limine to Limit Testimony of Defendant R.V. Coleman Trucking, Inc.'s Expert Stanley Pulz filed by Jason Fielder (ECF No. 144); (2) MEC Construction, LLC's joinder in Motion in Limine to Limit Testimony of Defendant R.V. Coleman Trucking, Inc.'s Expert Stanley Pulz filed by Jason Fielder (ECF No. 156); (3) Motion in Limine to Exclude Evidence of Prior Criminal Conviction filed by Jason Fielder (ECF No. 145); (4) Motion in Limine to Exclude Reference to Certain Evidence filed by Jason Fielder (ECF No. 146); (5) Motion in Limine Regarding Plaintiff's Claim for Damages for Loss of Household Services filed by R.V. Coleman Trucking, Inc. (ECF No. 147); (6) Motion in Limine Regarding Testimony of Cathy S. Gross and Plaintiff's Claim for Lost Wages and/or Earning Capacity filed by R.V. Coleman Trucking, Inc. (ECF No. 148; (7) Motion in Limine to Preclude Solicitation of Opinions Outside of Expertise of Expert Witnesses and/or Beyond Scope of Expert Reports filed by R.V. Coleman Trucking, Inc. (ECF No. 150); (8) Motion in Limine to Exclude Evidence of Inapplicable Regulations and Standards filed by MEC Construction, LLC (ECF No. 152);[3] (9) Motion in Limine to Exclude Evidence of Subsequent

_____

[3]This Court entered an order (ECF No. 192) following the pretrial conference in this civil action, directing the parties to submit supplemental briefs, in part, as to the applicability of regulations in the instant matter as a question of law for the Court to decide or as a question of fact to be submitted to the jury by and through competing expert testimony and jury instruction, and the issues arising from worker's compensation, the

Remedial Measures filed by MEC Construction, LLC (ECF No. 154);[4] and (10) Motion in Limine to Exclude Evidence of Per Diem Payments filed by MEC Construction, LLC (ECF No. 155).

This Court has reviewed the fully briefed motions and the memoranda and exhibits submitted by the parties. This Court will address those motions in limine and set forth its findings, as discussed below.

### Plaintiff's Motions in Limine

1. <u>Motion in Limine to Limit Testimony of Defendant R.V. Coleman Trucking, Inc.'s Expert Stanley Pulz filed by Jason Fielder (ECF No. 144) and joined in by MEC Construction, LLC (ECF No. 156) is denied</u>.

Plaintiff Jason Fielder filed a motion in limine to limit the testimony of defendant R.V. Coleman Trucking, Inc.'s ("R.V. Coleman") Expert Stanley Pulz (ECF No. 144), which was joined by defendant MEC Construction ("MEC") (ECF No. 156). Plaintiff moves to exclude certain testimony of defendant R.V. Coleman Trucking, Inc.'s proffered expert, Stanley Pulz ("Pulz"), pursuant to Rules 104(a) and 702 of the Federal Rules of Evidence. Specifically, the plaintiff seeks the Court's entry of an order limiting the

---

collateral source rule and the defendant's entitlement to offset, and how this is to be handled by the Court in a civil action such as this which involves both negligence claims and a deliberate intent claim, as well as any cautionary or limiting instruction.

[4]See supra note 3.

testimony of Stanley Pulz on matters upon which "he is not qualified to testify because they are outside his area of expertise and because his testimony regarding the Federal Motor Carrier Safety Regulations and load securement in the trucking industry are unreliable, inconsistent, and based entirely on the ipse dixit of the proffered expert." ECF No. 144.

R.V. Coleman filed a response in opposition (ECF No. 163) and argues that its expert, Stanley Pulz, should be permitted to offer opinions on whether R.V. Coleman's compliance or non-compliance with the FMCSRs caused plaintiff's injuries, and whether the method used by R.V. Coleman to secure the pipe in transit complied with the FMCSRs. Defendant argues that Pulz's opinions are admissible under Rule 702 because he possesses specialized knowledge, experience, training or education which will assist the jury in determining whether R.V. Coleman's compliance or non-compliance with the FMCSRs caused or contributed to plaintiff's injuries.

Rule 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" to provide an opinion and testimony if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) "the testimony is based on sufficient facts or data;" (3) the testimony is the product of reliable principles and methods;" and (4) "the expert has reliably applied the principles and methods to the facts

of the case." Fed. R. Evid. 702. The court "must ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). To assess reliability of expert testimony, the court may consider:

> (1) whether the particular scientific theory "can be (and has been) tested;" (2) whether the theory "has been subjected to peer review and publication;" (3) the "known or potential rate of error;" (4) the "existence and maintenance of standards controlling the technique's operation;" and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community.

United States v. Crisp, 324 F.3d 261, 266 (4th Cir. 2003) (citing Daubert, 509 U.S. at 593-94). This is a flexible analysis because "[r]ather than providing a definitive or exhaustive list, [these factors] merely illustrate[] the types of factors that will 'bear on the inquiry.'" Id. (citing Daubert, 509 U.S. at 593-94). An additional consideration under Rule 702 is "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving the factual dispute." Daubert, 509 U.S. at 591 (quoting United States v. Downing, 753 F.2d 1224, 1242 (3d Cir. 1985)).

Stanley Pulz, M.A., C.S.P., P.E. is a Certified Safety Professional and registered Professional Engineer in safety. Mr. Pulz has "vast experience in safety engineering over a career that spans more than forty (40) years." ECF No. 163 at 2. Mr. Pulz has previously been recognized as an expert in safety matters by other

courts, "including safety standards in the trucking industry under the FMCSRs." Id. at 3. This Court finds that the motion in limine to limit the testimony of defendant R.V. Coleman's expert Stanley Pulz must be denied as his opinions are admissible under Rule 702 because Mr. Pulz possesses specialized knowledge, experience, training or education which will assist the jury in determining a fact in issue. Additionally, this Court intends to give detailed instructions as to how the jury is to consider expert testimony, allowing the jury to decide what weight to give each expert's testimony.

Accordingly, the motion in limine to limit the testimony of defendant R.V. Coleman Trucking, Inc.'s expert Stanley Pulz filed by Jason Fielder (ECF No. 144) and joined in by MEC Construction, LLC (ECF No. 156) is DENIED.

2. <u>Motion in Limine to Exclude Evidence of Prior Criminal Conviction filed by Jason Fielder (ECF No. 145) is deferred</u>.

Plaintiff Jason Fielder filed a motion in limine to exclude evidence of prior criminal conviction. ECF No. 145. Plaintiff states that "[i]t is anticipated that the defendants will attempt to attack Mr. Fielder's credibility by offering evidence of a 2008 criminal conviction for delivery of a controlled substance." Id. Plaintiff argues that "this court should exclude any mention or reference to Mr. Fielder's prior conviction as it is inadmissible in accordance with Rule 609 of the Federal Rules of Evidence." Id.

Additionally, plaintiff asserts that defendants "cannot meet the burden imposed upon them, as required by the Federal Rules of Evidence, to establish that Mr. Fielder's prior criminal conviction, or any other crimes, wrongs, or other acts, are admissible at trial." Id.

R.V. Coleman filed a response in opposition (ECF No. 161) and argues that it should be permitted to introduce evidence of plaintiff, Jason Fielder's, prior felony convictions to impeach plaintiff's credibility under Rule 609 of the Federal Rules of Evidence and to rebut plaintiff's claims for future lost wages, and impairment of earning capacity, as the same relates to plaintiff's employability. ECF No. 161.

MEC filed a response in opposition (ECF No. 164) and argues that plaintiff's convictions are admissible due to their effect on his ability to obtain employment and in relation to his credibility. ECF No. 164.

Arkos Field Services, LP ("Arkos") filed a response in opposition (ECF No. 165) and argues that plaintiff has opened the door to his prior criminal convictions and drug use history being introduced as evidence at trial by asserting claims for future lost wages and diminished earning capacity as both are probative and relevant to his future employability and earning capacity. ECF No. 165. Arkos states that Federal Rule of Evidence 401 provides evidence is relevant if "it has any tendency to make a fact more or

less probable than it would be without the evidence" and "the fact is on consequence in determining the action". Defendant Arkos argues that plaintiff ignores the fact that his retained experts testified that plaintiff's drug use and criminal history are relevant to his future employability and earnings potential and are likely to be considered by prospective employers. ECF No. 165. Defendant asserts that plaintiff's opioid addiction and subutex treatment precluded him from treating with traditional pain medications which would have controlled his pain better. Id. Defendant contends that this is directly relevant to plaintiff's claims of pain and suffering and should be presented to the jury for its consideration. Id.

Under Rule 609, in the civil action context, evidence of a conviction of crime that is "punishable by death or by imprisonment for more than one year" must be admitted, subject to Rule 403. Fed. R. Evid. 609(a)(1)(A). As to any crime, regardless of the applicable punishment, "the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Id. at (a)(2). However, admission under Rule 609 remains subject to Rule 403, which excludes evidence when its potential for unfair prejudice substantially outweighs its probative value. As the court in United States v. Estrada stated:

> [Rule 609(a)(1)] requires district courts to admit the
> name of a conviction, its date, and the sentence imposed

unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' This determination is left to the sound discretion of the district court.

430 F.3d 606, 621 (2d Cir. 2005) (internal citation omitted).

Furthermore, evidence of a conviction of a crime is usually not admissible if more than ten years have passed "since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." Ghant v. Brown, 930 F.2d 633, 638 n.10 (8th Cir. 1991) (quoting Fed. R. Evid. 609(b)). If more than ten years have passed, then a court may admit evidence of that conviction "only if (1) its probative value . . . substantially outweighs its prejudicial effect; **and** (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b)(1-2) (emphasis added). If a court decides to admit evidence of a prior conviction for impeachment, "the impeaching party 'is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence." Somerville v. Saunders, 2014 WL 272415, at *3 (N.D.N.Y. Jan. 24, 2014) (quoting United States v. Brown, 606 F. Supp. 2d 306, 319 n.8 (E.D.N.Y. 2009) (quoting 4 Weinstein's Federal Evidence § 609.20[2] (2d ed. 2008))).

Plaintiff states that the prior conviction at issue in this case is plaintiff's 2008 conviction for delivery of a controlled substance. ECF No. 145 at 3. Plaintiff asserts that "[i]n this instance, given the fact that (1) the conviction was almost ten years ago, (2) there have been no subsequent convictions, and (3) the crime is wholly unrelated to this personal injury action, this Court should find that Mr. Fielder's 2008 conviction for delivery of a controlled substance is inadmissible as its limited probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury." ECF No. 145 at 4.

However, defendant R.V. Coleman contends that "[a]llthough [p]laintiff's [m]otion focuses only on a single 2008 criminal conviction for delivery of a controlled substance, [p]laintiff has actually been convicted of at least four (4) felonies in the past decade." ECF No. 161 at 2. Further, R.V. Coleman asserts that "[d]uring his deposition, [p]laintiff admitted to falsely stating on the employment application that he had never been convicted of a felony." ECF No. 161 at 3.

This Court finds that plaintiff's motion in limine to exclude evidence of plaintiff's prior criminal convictions must be deferred at this time, as this Court finds it appropriate to further consider how defendants intend to use evidence of plaintiff's prior criminal convictions at trial.

Accordingly, the motion in limine to exclude evidence of prior criminal conviction filed by Jason Fielder (ECF No. 145) is DEFERRED.

3. <u>Motion in Limine to Exclude Reference to Certain Evidence filed by Jason Fielder (ECF No. 146) is deferred</u>.

Plaintiff Jason Fielder filed a motion in limine to exclude reference to certain evidence. ECF No. 146. The plaintiff moves this Court, in limine, pursuant to Rules 401, 402, 403, and 404(b) for an order prohibiting the defendants from inquiring about or otherwise mentioning the fact that Mr. Fielder is prescribed subutex for an opioid addiction in his past and, likewise, prohibiting any reference to Mr. Fielder's treatment for an opioid addiction as all such references are not relevant to this civil action and constitute impermissible character evidence. ECF No. 146. Plaintiff states that even if this Court does find some marginal relevance to Mr. Fielder's distant opioid addiction and subsequent treatment, the risk of unfair prejudice from the introduction of those facts are substantially outweighed by the risk of unfair prejudice. <u>Id.</u> The plaintiff also seeks exclusion of any reference to marijuana use as it is not relevant to this civil action, and, even if it were, the risk of unfair prejudice substantially outweighs any limited probative value. <u>Id.</u>

R.V. Coleman filed a response in opposition (ECF No. 160) and argues that plaintiff's motion should be denied as plaintiff's drug

use and rehabilitation is directly relevant to and probative of plaintiff's claims for loss of enjoyment of life, emotional distress, and lost wages based on a hypothetical future promotion to a supervisory/foreman position. ECF No. 160.

MEC filed a response in opposition (ECF No. 162) and argues that the evidence plaintiff seeks to exclude of opiate addiction and subutex treatment is relevant to the case and should be admitted. ECF No. 162. MEC argues it is relevant to plaintiff's claim of pain and suffering relating to the injuries sustained in this case and any claim of financial hardship resulting from the accident. Id. MEC also asserts that plaintiff's use of marijuana is relevant to his damage claims as it relates to the effect it could have on an employer's decision to promote someone from a laborer to a foreman. Id.

Arkos filed a response in opposition (ECF No. 165) and argues that plaintiff has opened the door to his prior criminal convictions and drug use history being introduced as evidence at trial by asserting claims for future lost wages and diminished earning capacity as both are probative and relevant to his future employability and earning capacity. ECF No. 165. Defendant asserts that plaintiff's drug use and criminal history are relevant to his future employability and earnings potential and are likely to be considered by prospective employers. Id. Defendant asserts that plaintiff's opioid addiction and Subutex treatment precluded

him from treating with traditional pain medications which would have controlled his pain better, and that this is directly relevant to plaintiff's claims of pain and suffering and should be presented to the jury for its consideration. <u>Id.</u>

Federal Rule of Evidence Rule 403 excludes relevant evidence when its potential for unfair prejudice substantially outweighs its probative value. Fed. R. Evid. 403.

This Court finds that the plaintiff's motion in limine to exclude reference to certain evidence must be deferred at this time, as this Court finds it appropriate to further consider how defendants intend to use evidence of plaintiff's drug use and treatment at trial.

Accordingly, the motion in limine to exclude reference to certain evidence filed by Jason Fielder (ECF No. 146) is DEFERRED.

### **Defendants' Motions in Limine**

1.  <u>Motion in Limine Regarding Plaintiff's Claim for Damages for Loss of Household Services filed by R.V. Coleman Trucking, Inc.(ECF No. 147) is denied as moot</u>.

R.V. Coleman, in its capacity as a defendant, filed a motion in limine regarding plaintiff's claim for damages for loss of household services. ECF No. 147. Defendant states that through the testimony of Dr. Clifford B. Hawley, Ph.D., the economic expert identified by the plaintiff, the plaintiff is attempting to recover damages for alleged "lost household services." ECF No. 147.

However, defendant states, the loss of ability to perform household services constitutes the loss of a customary activity and is not subject to economic calculation as a matter of law.  Id.  Moreover, defendant argues that Dr. Hawley's opinions regarding the value of plaintiff's purported loss of household services are unreliable as they are based entirely on generalized data not specific to the plaintiff.  Id.  Defendant states that for the same reasons, plaintiff cannot prove his claim for loss of household services to a reasonable degree of certainty and consequently, plaintiff should be precluded from introducing at trial any evidence, testimony and/or argument regarding any claim for household services.  Id.

Plaintiff filed a response (ECF No. 170) and states that after a review of Dr. Hawley's report, the relevant case law, and the facts adduced through discovery, the plaintiff will not elicit any opinions from Dr. Hawley at trial regarding the economic value of Mr. Fielder's loss of household services.  ECF No. 170.  The plaintiff will, however, elicit testimony from Mr. Fielder, his wife, and other potential witnesses regarding Mr. Fielder's loss of household services and will ask the jury to award an appropriate amount for those losses.  Id.  The plaintiff believes this approach is consistent with the Doe v. Pak, 237 W.Va. 1, n.8, 784 S.E.2d 328, n.1 (2016).

This Court finds that, given plaintiff's response described above, defendant R.V. Coleman's motion in limine regarding

plaintiff's claim for damages for loss of household services is moot.

Accordingly, the motion in limine regarding plaintiff's claim for damages for loss of household services filed by R.V. Coleman Trucking, Inc. (ECF No. 147) is DENIED AS MOOT.

2. <u>Motion in Limine Regarding Testimony of Cathy S. Gross and Plaintiff's Claim for Lost Wages and/or Earning Capacity filed by R.V. Coleman Trucking, Inc. (ECF No. 148) is deferred</u>.

Defendant R.V. Coleman filed a motion in limine regarding testimony of Cathy S. Gross ("Gross") and plaintiff's claim for lost wages and/or earning capacity. ECF No. 148. Defendant argues that plaintiff should be preluded from calling his vocational expert, Cathy S. Gross, at trial because plaintiff failed to timely disclose Gross's opinions. Defendant argues that even if the Court finds plaintiff is entitled to call Gross as a witness, plaintiff should be precluded from introducing any evidence, testimony and/or argument in support of any attempted recovery of lost wages based on a hypothetical future promotion to a supervisory/foreman position as the opinions of Dr. Clifford Hawley, Ph.D. on this topic are unreliable and speculative and that plaintiff cannot prove such damages to a reasonable degree of certainty. <u>Id.</u>

Plaintiff filed a response in opposition (ECF No. 169) and states that the expert opinions of Gross were timely disclosed and supplemented in accordance with the Civil Rules and scheduling

order of this Court. _Id._ Plaintiff states that on September 20, 2017, after obtaining the relevant details of the plaintiff's new employment, Gross prepared a supplemental report to account for Mr. Fielder's new employment. _Id._ Plaintiff states that counsel for R.V. Coleman never requested to re-depose Gross after her supplemental report was produced, but instead, R.V. Coleman chose to file the instant motion seeking to exclude Gross' testimony. _Id._ Further, plaintiff states that the opinions of Dr. Clifford Hawley and Cathy S. Gross are admissible for the purpose of establishing the economic value of plaintiff's loss of earning capacity. Plaintiff asserts that defendant R.V. Coleman's criticism of Ms. Gross and Dr. Hawley's opinions stems from its confusion as to what their opinions actually are. Plaintiff states that to be clear, neither Ms. Gross, nor Dr. Hawley, will offer an opinion as to when, or if, Mr. Fielder would have been promoted to a foreman/supervisor position, and submits that is a question of fact for the jury to determine based upon the evidence elicited at trial from Mr. Fielder, his superintendent, and others. _Id._ Rather, plaintiff asserts Ms. Gross' opinion in that regard is limited to informing the jury how much a foreman/supervisor in West Virginia oil fields earn based on statistics from the United States Department of Labor. _Id._ Likewise, plaintiff states Dr. Hawley's opinion in that regard is limited to an economic calculation of the economic loss based upon (1) Mr. Fielder's pre-injury wage of

$15.00 per hour, and alternatively, (2) Mr. Fielder's potential wage as a supervisor/foreman. <u>Id.</u> Plaintiff argues that the expert opinions of Dr. Hawley and Ms. Gross are not "hypothetical opinions" as argued by the defendant, rather, they simply provide the economic data necessary for the jury to resolve a question of fact based upon the evidence elicited at trial. <u>Id.</u> Plaintiff asserts that to the extent that defendant R.V. Coleman does not believe that Mr. Fielder was "reasonably certain" to have been promoted or to have ever attained foreman/supervisor status, that is a question of fact that is subject to vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof as to an award of future damages. <u>Id.</u>

This Court finds that it is appropriate to defer ruling on R.V. Coleman's motion in limine regarding the testimony of Cathy S. Gross and plaintiff's claim for lost wages and/or earning capacity until a later time.

Accordingly, the motion in limine regarding testimony of Cathy S. Gross and plaintiff's claim for lost wages and/or earning capacity filed by R.V. Coleman Trucking, Inc. (ECF No. 148) is DEFERRED.

3.  <u>Motion in Limine to Preclude Solicitation of Opinions Outside of Expertise of Expert Witnesses and/or Beyond Scope of Expert Reports filed by R.V. Coleman Trucking, Inc. (ECF No. 150) is</u>

<u>denied as to the timeliness issue but deferred as to opinions on</u>
<u>future employment of the plaintiff</u>.

Defendant R.V. Coleman Trucking, Inc. filed a motion in limine to preclude solicitation of opinions outside of expertise of expert witnesses and/or beyond scope of expert reports. ECF No. 150. Defendant further asserts that proposed experts George J. Wharton, Stephen Fournier, and Rob Medlock should be precluded from offering any opinions regarding the operation of commercial vehicles, the application or interpretation of the FMCSRs, or the securement of cargo on commercial vehicles during transportation, arguing that these experts are unqualified to offer such opinions. ECF No. 150.

Plaintiff filed a response in opposition (ECF No. 171) and states that defendant R.V. Coleman seeks to exclude or limit the opinions of several expert witnesses – all of whom are critical of R.V. Coleman's dangerous securement of the relevant pipes. ECF No. 171. Plaintiff states that the reports were timely and that defendant argues that the experts are not qualified to offer opinions critical of a trucking company when they have never operated a commercial motor vehicle ("CMV") or held a commercial driver's license ("CDL"). <u>Id.</u> Plaintiff asserts R.V. Coleman ignores that its own retained expert, Stanley Pulz, who offered opinions regarding the proper securement of round pipes on a truck, has never operated a CMV, has never held a CDL, and has never worked in the trucking industry. <u>Id.</u> Plaintiff states that each

18

of the experts whose testimony R.V. Coleman seeks to limit based on a lack of proper qualifications has significantly more experience working around or near the trucking industry than R.V. Coleman's own expert witness and that plaintiff's expert witnesses are ultimately qualified expert witnesses.  Id.

MEC filed its response in opposition (ECF No. 172) and states that based upon his education, training, and experience, Mr. Medlock is eminently qualified to offer opinions as to the safety and health standards that are applicable to employers and industries, whether those standards were promulgated by the Occupational Safety and Health Administration, the Federal Motor Carrier Safety Administration, or the American National Standards Institute ("ANSI").  ECF No. 172.  MEC asserts that Mr. Medlock's knowledge of the application of safety and health standards to employers, including the FMCSR, will help the jury to understand the evidence and determine a fact in issue in this case.  Id. Specifically, MEC states that his testimony will assist the jury in determining that the FMCSR is not applicable to MEC, and that MEC had no duty to train its employees involved in the unloading process on those requirements, including the failure of Cale Sukala to properly secure the load for transport.  Id.  MEC adds that ironically, the very reasons that R.V. Coleman argues that Mr. Medlock's testimony should be excluded apply to R.V. Coleman's own expert, Stanley Pulz.  Id.

This Court finds that the reports were disclosed in a timely fashion and thus, the motion to preclude as it relates to timeliness must be denied. Further, this Court finds that it is appropriate to defer ruling on R.V. Coleman's motion in limine to preclude solicitation of opinions outside of expertise of expert witnesses and/or beyond scope of expert reports until a later time.

Accordingly, the motion in limine to preclude solicitation of opinions outside of expertise of expert witnesses and/or beyond scope of expert reports filed by R.V. Coleman Trucking, Inc. (ECF No. 150) is DENIED as to the timeliness issue but DEFERRED as to opinions on future employment of the plaintiff.

4. <u>Motion in Limine to Exclude Evidence of Inapplicable</u> <u>Regulations and Standards filed by MEC Construction, LLC (ECF No.</u> <u>152) is deferred as to whether applicability is a question of law</u> <u>or fact</u>.

Third-Party defendant MEC Construction, LLC filed a motion in limine to exclude evidence of inapplicable regulations and standards (ECF No. 152), and cites to several regulations and standards which it argues are inapplicable to the work performed by MEC.

R.V. Coleman filed a response in opposition (ECF No. 158) and argues that MEC's motion should be denied because the mere fact that the parties disagree as to the applicability of regulations/ standards in a deliberate intent action is not grounds for

exclusion of said regulations/standards. Defendant states that pursuant to <u>Johnson v. Brayman Const. Corp</u>., No. 13-0598, 2014 WL 1272534 (W. Va. Mar. 28, 2014), when there is a disagreement among the parties as to the applicability of regulations in a deliberate intent action, the proper course of action is to permit the jury to hear expert testimony from both sides on the topic. ECF No. 158.

Plaintiff filed a response in opposition (ECF No. 166) and states that to the extent that any of the statutes, rules, regulations, or standards cited by plaintiff and/or R.V. Coleman satisfy, or could arguably satisfy, the above criteria relevant to this case, those standards are relevant and must be admitted into evidence. ECF No. 166. Further, plaintiff argues in accordance with <u>Johnson v. Brayman Const. Corp</u>., No. 13-0598, 2014 WL 1272534, *3, "experts [are] permitted to testify to their respective opinions about the applicability of certain regulations to the workplace at issue." ECF No. 166. Plaintiff contends that the fact that there is disagreement to the applicability of certain statutes, rules, regulations, or standards does not support the exclusion of the regulations; rather, it invites expert testimony thereupon. <u>Id.</u> Plaintiff adds that to the extent that this Court finds, as a matter of law, that any of the statutes, rules, regulations, or standards cited by the experts for plaintiff and/or R.V. Coleman do not satisfy the above criteria, then the plaintiff does not disagree that those particular provisions would not be

relevant to the deliberate intent claims against defendant MEC, but may, however, be relevant for another purpose or against another party. Id.

This Court finds that, pursuant to its previous order (ECF No. 192) following the pretrial conference in this civil action directing the parties to submit supplemental briefs, in part, as to the applicability of regulations in the instant matter as a question of law for the Court to decide or as a question of fact to be submitted to the jury by and through competing expert testimony and jury instruction, MEC's motion in limine must be deferred at this time.

Accordingly, the motion in limine to exclude evidence of inapplicable regulations and standards filed by MEC Construction, LLC (ECF No. 152) is DEFERRED as to whether applicability is a question of law or fact, and this issue is now being briefed by the parties.

5. <u>Motion in Limine to Exclude Evidence of Subsequent Remedial Measures filed by MEC Construction, LLC (ECF No. 154) is deferred as to whether any exception to the rule applies</u>.

Third-party defendant MEC Construction, LLC filed a motion in limine to exclude evidence of subsequent remedial measures (ECF No. 154) under Federal Rule of Evidence Rule 407. MEC argues that subsequent remedial measures are not admissible to prove negligence, culpable conduct, or a need for a warning instruction,

and that this evidence is not relevant to proving the elements of a deliberate intent claim. ECF No. 154.

R.V. Coleman filed a response in opposition (ECF No. 159) and argues that MEC's motion should be denied because post-accident policies for unloading pipe from trailers that are not pre-chocked are relevant to prove control, feasibility, and impeachment. ECF No. 159. Defendant states that MEC has argues that it was not responsible for placing chock or block on the pipes at issue and that the same should be accomplished by R.V. Coleman. Id. However, R.V. Coleman asserts, subsequent to the accident, MEC developed a written policy with specific procedures for handling pipes on trailers which do not contain chocks or uprights, and this evidence should come in under "another purpose" subset of Rule 407. Id.

Plaintiff filed a response in opposition (ECF No. 168) and states that MEC's motion in limine seeking to exclude entry of any subsequent remedial measure must be denied as they are relevant to establishing the specific unsafe working condition element of West Virginia's deliberate intent statute, W. Va. Code §23-4-2(B), and to proving, at a minimum, control and potentially other facts, such as feasibility of precautionary measures depending on positions taken by MEC at trial. Id.

This Court finds that, pursuant to its previous order (ECF No. 192) following the pretrial conference in this civil action

directing the parties to submit supplemental briefs, in part, as to the issues arising from worker's compensation, the collateral source rule and the defendant's entitlement to offset, and how this is to be handled by the Court in a civil action such as this which involves both negligence claims and a deliberate intent claim, as well as any cautionary or limiting instruction, MEC's motion in limine must be deferred at this time.

Accordingly, the motion in limine to exclude evidence of subsequent remedial measures filed by MEC Construction, LLC (ECF No. 154) is DEFERRED as to whether any exception to the rule applies, and is now being briefed by the parties.

6. <u>Motion in Limine to Exclude Evidence of Per Diem Payments filed by MEC Construction, LLC (ECF No. 155) is denied</u>.

Third-party defendant MEC Construction, LLC filed a motion in limine to exclude evidence of per diem payments (ECF No. 155) that the plaintiff received from MEC during the course of his employment as reimbursement for travel and related expenses associated with his position. MEC argues that the per diem is reimbursement and separate from his gross pay and should not be presented to the jury as evidence for consideration in determining plaintiff's damages. ECF No. 155.

Plaintiff filed a response in opposition (ECF No. 167) and states that MEC's motion should be denied, arguing that Mr. Fielder received a per diem of approximately $125.00 per day as part of his

compensation for working at MEC Construction. ECF No. 167. While his payroll records may reflect the per diem payments as a reimbursement, plaintiff argues that does not change the fact that Mr. Fielder received the per diem regardless of the amount of expense he incurred. Id. Plaintiff contends the per diem payments were given to Mr. Fielder as cash payments without any restrictions, meaning he could spend them in any way he saw fit. Id. Plaintiff adds that he also received his per diem payments on his payroll check. Id. Plaintiff asserts that when Mr. Fielder was injured he ceased receiving his per diem payments, which at $125.00 per day and six days per week was a substantial loss for an employee making fifteen dollars ($15.00) per hour. Id. Plaintiff cites to Custom Ships Interiors v. Roberts, 300 F.3d 510, 514 (4th Cir. 2002), for his argument that the per diem is essentially part of his ordinary wage as Mr. Fielder depended upon the per diem payments as part of his compensation and was routinely paid his per diem whether he incurred any expense at all. ECF No. 167 at 2.

This Court finds that evidence of per diem payments received by the plaintiff should not be excluded and that Mr. Fielder depended upon the per diem payments as part of his compensation and was routinely paid his per diem whether he incurred any expense at all. ECF No. 167 at 2. Further, the so-called per diem payments have every indicia of an ordinary wage. Custom Ships Interiors v. Roberts, 300 F.3d 510, 514 (4th Cir. 2002). Plaintiff may present

such evidence at trial to the jury as evidence for consideration in determining plaintiff's lost wage claim.

Accordingly, the motion in limine to exclude evidence of per diem payments filed by MEC Construction, LLC (ECF No. 155) is DENIED.

Accordingly, Motion in Limine to Limit Testimony of Defendant R.V. Coleman Trucking, Inc.'s Expert Stanley Pulz filed by Jason Fielder (ECF No. 144) and joined in by MEC Construction, LLC (ECF No. 156) is DENIED; Motion in Limine to Exclude Evidence of Prior Criminal Conviction filed by Jason Fielder (ECF No. 145) is DEFERRED; Motion in Limine to Exclude Reference to Certain Evidence filed by Jason Fielder (ECF No. 146) is DEFERRED; Motion in Limine Regarding Plaintiff's Claim for Damages for Loss of Household Services filed by R.V. Coleman Trucking, Inc. (ECF No. 147) is DENIED AS MOOT; Motion in Limine Regarding Testimony of Cathy S. Gross and Plaintiff's Claim for Lost Wages and/or Earning Capacity filed by R.V. Coleman Trucking, Inc. (ECF No. 148) is DEFERRED; Motion in Limine to Preclude Solicitation of Opinions Outside of Expertise of Expert Witnesses and/or Beyond Scope of Expert Reports filed by R.V. Coleman Trucking, Inc. (ECF No. 150)is DENIED as to the timeliness issue but DEFERRED as to opinions on future employment of the plaintiff; Motion in Limine to Exclude Evidence of Inapplicable Regulations and Standards filed by MEC Construction, LLC (ECF No. 152) is DEFERRED as to whether

applicability is a question of law or fact as this issue is now being briefed by the parties; Motion in Limine to Exclude Evidence of Subsequent Remedial Measures filed by MEC Construction, LLC (ECF No. 154) is DEFERRED as to whether any exception to the rule applies; and Motion in Limine to Exclude Evidence of Per Diem Payments filed by MEC Construction, LLC (ECF No. 155) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     January 29, 2018


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE