IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON FIELDER,

    Plaintiff,

v.                                                          Civil Action No. 1:16CV23
                                                                                     (STAMP)

R.V. COLEMAN TRUCKING, INC.,
ARKOS FIELD SERVICES, LP,
EQT CORPORATION,
EQUITRANS, LP d/b/a EQT MIDSTREAM,
and EQT PRODUCTION COMPANY,

    Defendants,

and

R.V. COLEMAN TRUCKING, INC.,

    Third-Party Plaintiff,

v.

MEC CONSTRUCTION, LLC,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING AS FRAMED PLAINTIFF'S MOTION FOR
ADDITIONAL PEREMPTORY CHALLENGES**

I. Procedural History

On January 8, 2018, the parties appeared by counsel for a pretrial conference in the above styled civil action. At the pretrial conference, the plaintiff raised the issue of the appropriate manner in which to handle peremptory challenges in the above civil action, which is now scheduled for trial beginning on March 20, 2018. This Court expressed its original position at the initial pretrial conference regarding allocation of peremptory challenges by stating that there would likely be an

award of some extra peremptory challenges, but that issue would be the manner in which the peremptory challenges would be taken. Following the pretrial conference, this Court entered an order (ECF No. 192) directing the parties to submit briefs as to, among other issues, the number of peremptory strikes the parties will be permitted given the configuration of the parties and the alignment of certain interests amongst defendants.

II. Contentions of the Parties

Plaintiff filed a motion request for additional peremptory challenges and memorandum of law in support (ECF No. 218). Plaintiff cites to 28 U.S.C. § 1870, and moves the Court for additional peremptory challenges stating that, because there is one plaintiff and three defendants, "it would be unfairly prejudicial to allow the Plaintiff only three peremptory challenges and then allow the Defendants to have a total of nine peremptory challenges." ECF No. 218 at 2. Plaintiff moves this Court to allow the plaintiff to have nine peremptory challenges and to allow the defendants collectively to have nine peremptory challenges so that all parties can be assured a fair and impartial jury. ECF No. 218 at 4. Plaintiff contends that "[w]hile there is a difference of opinion between the Defendants on issues of liability, it is clear that all of the Defendants are in lockstep against the Plaintiff on the issues of damages." ECF No. 218 at 2. Further, plaintiff argues that "the Defendants will ultimately be able to collaborate on the striking of jurors because their interests are

2

all aligned (1) against the Plaintiff, and (2) in the type of juror they will be seeking." Id. Plaintiff states that it is patently unfair to allow these defendants to have three times the number of peremptory challenges than the plaintiff has and doing so would clearly skew the jury in favor of the defendants.

R.V. Coleman Trucking, Inc. ("R.V. Coleman") filed a memorandum of law regarding the number of peremptory challenges (ECF No. 223), and asserts that defendants "should be provided separate and peremptory strikes during jury selection in this matter as Defendants have competing and adverse interests." ECF No. 223 at 2. R.V. Coleman submits that plaintiff and defendants should be allocated three separate strikes each. ECF No. 223 at 2. R.V. Coleman asserts that none of the defendants share counsel, the defendants in this matter certainly have divergent interests, to some degree each defendant has blamed the other co-defendants for the accident at issue, and all defendants have asserted cross-claims or third-party claims against one another. ECF No. 223 at 3.

MEC Construction, LLC ("MEC Construction") filed a memorandum of law regarding the number of peremptory challenges (ECF No. 227), and asserts that "[i]n considering the question of whether to allow additional peremptory challenges to the Plaintiff, it is important to note the various claims which are asserted among the parties: 1.) Plaintiff's claims for negligence against R. V. Coleman and Arkos; 2.) R.V. Coleman's third-party deliberate intent claim for

3

contribution and implied indemnity against MEC; 3.) Arkos' cross-claim for contribution and/or indemnity against R.V. Coleman; and 4.) Plaintiffs cross-claim for deliberate intent against MEC." MEC Construction asserts the interests of the defendants are conflicting and divergent, other than on the sole limited issue of plaintiff's damages, and that the interests of plaintiff are, to a significant extent, aligned with one of the defendants, R.V. Coleman as they both have asserted the same deliberate intent claim against MEC Construction, and both will be relying upon the same evidence and legal standards in an effort to place liability upon MEC Construction. ECF No. 227 at 2-3. MEC Construction argues that an analysis of the Kominar factors[1] reveals the following considerations: (1) each of the defendants is charged with separate and distinct acts of wrongdoing; (2) the alleged wrongdoing of each of the defendants occurred at different points in time; (3) the fault of the defendants will be subject to apportionment pursuant to West Virginia Code § 55-7-24; (4) the defendants do not share a common theory of defense, and in fact, the claims against MEC Construction, brought pursuant to the deliberate intent statute, are vastly different from the claims against R.V. Coleman and Arkos Field Services, LP ("Arkos"), which are judged on the basis of negligence, while the plaintiff and defendant R.V. Coleman share a common theory in the prosecution of their claims against MEC

---

[1] Kominar v. Health Mgmt. Assocs. of W. Virginia, Inc., 220 W. Va. 542, 648 S.E.2d 48 (2007)

Construction; and (5) cross-claims have been filed, with each party being represented by separate counsel.  MEC Construction argues that based on the application of the factors recognized by the Supreme Court of Appeals of West Virginia, separate challenges for each of the defendants are proper and necessary for a fair trial and there is no basis to provide the plaintiff with additional challenges.  In light of the above considerations, MEC Construction requests the Court allow each party to this case three peremptory challenges.

Arkos Field Services, LP filed a memorandum in opposition (ECF No. 229) to plaintiff's motion requesting additional peremptory challenges and requests that the Court deny plaintiff's motion for additional peremptory challenges and assign three peremptory challenges to plaintiff in this action and three peremptory challenges to each of the three defendants totaling nine peremptory challenges for the defendants.  ECF No. 229 at 3-4.

### III. Discussion

Following a review of the briefs submitted by the parties, any authority cited therein, and a review of the pleadings and other materials to date, this Court feels that its original position expressed at the initial pretrial conference regarding allocation of peremptory challenges is appropriate in this particular case. In particular, this Court has noted the factors set forth in <u>Murphy v. Miller</u>, 671 S.E.2d 714 (2008), <u>Kominar v. Health Mgmt. Assocs. of W. Virginia, Inc.</u>, 648 S.E.2d 48 (2007), and other cases in

which the West Virginia Supreme Court sets forth those factors which should be considered, among others, in deciding whether or not to assign peremptory challenges among the parties in a particular manner. This Court notes that although the plaintiff asserts that "it is clear that all of the Defendants are in lockstep against the Plaintiff on the issues of damages," (ECF No. 218 at 2), that it not necessarily the case, as there will likely be an issue of apportionment and allocation of damages amongst the defendants. This Court notes that although the respective interests of the defendants are aligned in part, they are not fully aligned and could be considered "antagonistic or hostile."

IV. Conclusion

Accordingly, peremptory challenges will be taken in the following manner:

| Plaintiff Fielder | Defendant R.V. Coleman | Defendant Arkos | Third-Party Defendant MEC |
|---|---|---|---|
| 3 | 2 | 2 | 2 |
| 3 | 2 | 2 | 2 |
| 2 | 2 | 2 | 2 |
| 2 | 1 | 1 | 1 |
| 10 | 7 | 7 | 7 |

In this manner, 39 jurors will be placed in the jury box and a total of 31 peremptory challenges will be allowed, resulting in a jury of eight. Plaintiff's motion request for additional peremptory challenges (ECF No. 218) is GRANTED AS FRAMED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    February 26, 2018

<pre>
                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE
</pre>